# LOCKWOOD *v.* DISTRICT OF COLUMBIA.

---

STATUTORY CONSTRUCTION; PERSONAL TAX LAW; CLAIM AGENT.

1. All statutes imposing restrictions upon business or the common occupations of the people, or levying a tax upon them, are to be construed strictly. (Following *Washington Electric Vehicle Transp. Co.* v. *District of Columbia,* 19 App. D. C. 462.)

2. That portion of paragraph 46 of sec. 7 of the act of Congress of July 1, 1902, providing for the payment of personal taxes in this District, which imposes a personal tax of $25 a year on "claim agents," is void for uncertainty, there being no definition in the act of a claim

agent, and the words having no fixed or reasonably certain popular signification.

3. Where a personal tax law imposes a tax on a certain occupation without defining it, it is doubtful whether the court, in construing it, can look to old and repealed tax laws which define such occupation to ascertain the legislative meaning.

No. 1480.  Submitted January 17, 1905.  Decided February 7, 1905.

IN ERROR to the Police Court of the District of Columbia.
*Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. W. J. Lambert* and *Mr. D. W. Baker* for the appellant.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Philo J. Lockwood was convicted in the police court under an information charging him with engaging in the business of a claim agent without license, and has been allowed a writ of error.

It appears from the evidence that plaintiff in error is an attorney at law whose business has been for several years the prosecution of claims in the United States Pension Office, and that he has not paid the annual license fee of $25 demanded of him under the personal tax law for the District, approved July 1, 1902. The demand is based on paragraph 46 of sec. 7 of said act, and so much of the same as is pertinent reads as follows: "An annual license tax is hereby imposed upon the following classes of business, trades, and professions, namely:  *  *  *  Claim agents, twenty-five dollars," etc. [32 Stat. at L. 628, chap. 1352.]  Paragraph 47 of the same act provides that anyone violating any of the provisions of sec. 7 shall be punished by a fine of not more than $500 for each offense, and in default of pay-

ment by imprisonment not exceeding thirty days. The act con-tains no definition of the term "claim agents," and the conten-tion is that it is too uncertain and vague to be enforced.

In this we concur. We find no definition of the compound word "claim-agent" in any of the popular dictionaries, and the word as used by different persons might, in the unlimited dis-cretion of the taxing officers, be given a very wide range of in-clusion. Attorneys at law are not taxed as such, and yet one of these may be largely, and even exclusively, engaged in the prose-cution of claims and demands before the courts, or in their ad-justment generally. It would seem, as said by counsel for the plaintiff in error, that the various steam and street railway cor-porations operating in the District of Columbia have what are called claim agents who are engaged in the examination of claims against them as well as in their adjustment and settle-ment. One engaged in collecting rents for owners of property might also be deemed a claim agent in some sense of the term. And the same may be said of all persons acting for principals who may have claims for allowance, adjustment, or collection, whether in the executive departments of the government or oth-erwise.

The established rule of the courts is that all statutes imposing restrictions upon business or the common occupations of the peo-ple, or levying a tax upon them, are to be construed strictly.

As was said by Chief Justice Alvey in delivering the opinion of this court in *Washington Electric Vehicle Transp. Co.* v. *Dis-trict of Columbia,* 19 App. D. C. 462, 470: "All the authori-ties agree in maintaining that all charges upon the citizen must be imposed by clear and unambiguous language, because, as it is said, they operate as penalties. In a case of doubt that construc-tion most beneficial to the citizen must be adopted." Here, as we have seen, the penalty for pursuing this occupation without the payment of a considerable license tax is a severe one, and it is eminently just, therefore, that the citizen should be reason-ably well informed, by the language of the statute itself, of his obligation to pay money demanded of him, the failure to pay

which, if he errs in its construction, may subject him to that penalty.

On behalf of the defendant in error, it is contended that the tax upon claim agents is intended to embrace those only whose business it is to prosecute claims before the executive departments of the Federal government or the District of Columbia. In support of this construction of the meaning of the statute they have referred us to certain taxing acts of Congress and one of the former legislative assembly of the District, all of which were long ago repealed, either expressly or by implication. The two acts of Congress referred to impose a tax upon "claim agents for procuring patents" of $10, and that of the assembly taxes "claim agents" $15 per annum.

In the first two it is declared that "every person whose business it is to prosecute claims in any of the executive departments of the Federal government, or procure patents, shall be deemed a claim or patent agent, as the case may be." 12 Stat. at L. chap. 119, § 64; 13 Stat. at L. 254, chap. 173, § 79. In the act of assembly the definition is as follows: "Every person whose business it is to prosecute claims before the executive departments of the general government or the District of Columbia shall be regarded as a claim agent."

In the first place, we fail to see how we can look to old and repealed statutes for the definition of an occupation named in the existing statute which omits altogether to define it. In the second place, if we were to do so, we should be compelled, under those first mentioned, to say that all patent solicitors, who are not now regarded as claim agents in any sense, are, nevertheless, taxable as such. If we look to the act of assembly we find that it differs from the acts of Congress in two material respects, in that it omits patent solicitors and adds to the definition of claim agents such persons as may prosecute claims before the executive departments of the District of Columbia also.

Reference to the several acts mentioned would tend to increase the uncertainty that now exists rather than to correct it. The defect of the present act is chargeable to the failure of its framers to follow the example set in the former legislature by giving

a definite meaning, for the purposes of the statute, to general words used which have no fixed or reasonably certain popular significaticn.

The court erred in not rendering a judgment of acquittal, and the judgment must, therefore, be reversed with costs, and the cause remanded with directions to discharge the defendant. It is so ordered. *Reversed.*