**Sidney W. WILSON, Petitioner,**

v.

**CIVIL AERONAUTICS BOARD, Respondent.**

**No. 13553.**

United States Court of Appeals District of Columbia Circuit.

Argued April 1, 1957.

Decided May 9, 1957.

Mr. Lloyd Fletcher, Washington, D. C., for appellant.

Mr. O. D. Ozment, Chief, Litigation and Research Division, Civil Aeronautics Bd., with whom Messrs. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Bd., John H. Wanner, Associate Gen. Counsel, Civil Aeronautics Bd., Gerald F. Krassa and Ulrich V. Hoffmann, Attys., Civil Aeronautics Bd., and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief for respondent. Mr. Robert L. Park, Atty., Civil Aeronautics Bd., also entered an appearance for respondent.

Before BAZELON, FAHY and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

Petitioner, an airline pilot, seeks review of Civil Aeronautics Board orders which (1) suspended his airman certificate for ten days, and (2) denied reconsideration of the suspension. The single issue is stipulated to be:

Whether, in circumstances in which the Civil Aeronautics Board does not find the pilot to be unqualified to fly, the Board is em-

powered under Section 609 of the Civil Aeronautics Act[1] to suspend his airman certificate as a deterrent sanction.

Under § 609, the Board "may reexamine any airman, and, after investigation, and upon notice and hearing, may alter, amend, modify, or *suspend* * * * [his] airman certificate * * *, *if the interest of the public so requires* * * *." Emphasis added.

Petitioner argues that, since reexamination is a condition precedent to action under § 609, the section must be read to authorize suspension only for lack of competence or qualifications as an airman. Disciplinary action for violation of regulations, he says, is covered exclusively by § 901 of the Civil Aeronautics Act[2] which provides that a "person who violates [regulations] shall be subject to a civil penalty of not to exceed $1000 for each such violation." His view is that Congress did not authorize suspension of a certificate for disciplinary purposes. We cannot agree.

By resting suspension on a Board determination that "the interest of the public so requires," Congress conferred broad discretionary authority upon the Board. What Congress had in mind appears from the direction contained in § 601(b) of the Act[3] that the Act be administered "in such manner as will best tend to reduce or eliminate the possibility of, or recurrence of, accidents in air transportation * * *." Nothing in the Act or its legislative history persuades us that disciplinary action for violation of regulations was intended to be the exclusive province of § 901.

Moreover, the Board has never recognized such exclusivity in its administration of the Act. From the effective date of the Act in 1938 through June 30, 1956, the Board has suspended approximately 4000 airmen for violation of rules, without findings that they lacked competence or qualifications and

without requiring re-examination before reinstatement. This consistent and, until now, unchallenged administrative practice "will not be overturned except for very cogent reasons * * *." Norwegian Nitrogen Products Co. v. United States, 1933, 288 U.S. 294, 315, 53 S. Ct. 350, 358, 77 L.Ed. 796. The most cogent of reasons—air safety—supports the administrative practice here under attack.

Affirmed.

---

1. 52 Stat. 1011 (1938), 49 U.S.C.A. § 559.
2. 52 Stat. 1015 (1938), 49 U.S.C.A. § 621.

3. 52 Stat. 1007 (1938), 49 U.S.C.A. § 551