**Herbert M. C. "Tommy" WALKER,
Petitioner,**

v.

**CIVIL AERONAUTICS BOARD,
Respondent.**

**No. 33, Docket 24538.**

United States Court of Appeals
Second Circuit.

Argued Jan. 8, 1958.

Decided Jan. 31, 1958.

Lord, Day & Lord, New York City (Woodson D. Scott, New York City, of counsel), for petitioner.

Victor R. Hansen, Asst. Atty. Gen.; Daniel M. Friedman, Atty., Dept. of Justice, Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, John H. Wanner, Associate Gen. Counsel, Robert L. Park, Asst. Gen. Counsel, O. D. Ozment, Asst. Gen. Counsel, Litigation and Research, Gerald F. Krassa, Atty., Civil Aeronautics Board, Washington, D. C., for respondent.

Before HINCKS, LUMBARD and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Herbert M. C. "Tommy" Walker, a licensed pilot, petitions to set aside an order of the Civil Aeronautics Board revoking his airman's certificate and directing that he should not be issued another certificate for a period of six months. On December 7, 1955 the Board suspended petitioner's license for reasons which are not presently relevant, the suspension to commence December 17 and to continue in effect for a period of ten days thereafter if the certificate were surrendered on or before December 17. If the certificate were not so surrendered the license remained suspended until such time as the certificate was surrendered and for ten days thereafter. Walker surrendered his certificate on March 14, 1956. Petitioner admits that during the three month period between the effective date of the suspension and the surrender of the license certificate he flew aircraft on several different occasions. He alleges, however, that beginning December 17 and for ten days thereafter, though retaining possession of his certificate, he voluntarily grounded himself in order to avoid the consequences of ignoring the suspension order. The Board does not appear to have disbelieved this allegation, but it is entitled to little weight in view of a letter sent by petitioner on February 22, 1956 to the Board's Chief Examiner in which petitioner stated that he, "with all due respect to the Board, cannot acknowledge the suspension imposed and feels constrained, in the best interests of justice, to continue the rights and privileges of his pilot license."

In any event, on April 18, 1956, the Administrator commenced the present proceeding by filing a complaint with the Board setting forth the violations of the suspension order of December 7, 1955. A hearing was held before a Board examiner who ordered revocation of petitioner's certificate. A motion for rehearing before the examiner was denied, and an appeal was then taken to the Board, which, after reviewing the record, denied oral argument as requested by petitioner,

and affirmed the examiner's order and his denial of the rehearing petition.

 In seeking review by us of the Board's order petitioner urges that under Section 9(b) of the Administrative Procedure Act, 5 U.S.C.A. § 1008(b), the Board exceeded its power in revoking the license. This argument, however, ignores the fact that the opportunity to achieve compliance granted by § 9(b) is expressly made inapplicable to cases involving a willful violation of regulations. The Board found that petitioner, by flying between December 17 and March 14, deliberately chose to disregard the suspension order. This finding is amply supported by the record. Petitioner contends that the order of revocation should be set aside because its severity is disproportionate to the offense. There is no merit to this contention. The Board is vested with a wide range of discretion in the imposition of penalties, cf. Wilson v. Civil Aeronautics Board, 1957, 100 U.S. App.D.C. 325, 244 F.2d 773.

The petitioner also suggests that there were certain procedural irregularities in the administrative proceedings. Subsequent to the initial decision by the examiner, petitioner requested a rehearing because he allegedly was unaware that revocation rather than suspension of his license was under consideration and because he was not represented by counsel. However, the complaint which had been filed by the Administrator stated that either suspension or revocation of the license was sought; and the letter to Walker transmitting the complaint explicitly set forth that petitioner was entitled to representation by counsel. Petitioner also sought the rehearing in order to enable him to withdraw his February 22 letter, and to permit him to introduce additional evidence of his experience and qualifications as a pilot and of his readiness to comply with all lawful orders and regulations. Assuming, *arguendo*, that these matters were relevant, there was no satisfactory explanation as to why they had not been offered at the initial hearing. We find no error in the denial of petitioner's rehearing request, and the Board acted within proper discretionary limits in denying petitioner's request for oral argument upon appeal from the examiner's order. See Sisto v. Civil Aeronautics Board, 1949, 86 U.S.App.D.C. 31, 179 F.2d 47.

Petition dismissed.