Roald W. DIDRIKSEN et al., Appellants,

v.

FEDERAL COMMUNICATIONS COM-
MISSION, Appellee.

No. 13958.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 10, 1958.

Decided April 17, 1958.

---

Mr. Warren Woods, Washington, D. C., with whom Mr. Edward G. Villalon, Washington, D. C., was on the brief, for appellants.

Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, of the bar of the Supreme Court of Connecticut, *pro hac vice*, by special leave of Court, with whom Messrs. Warren E. Baker, General Counsel, Federal Communications Commission, and Richard A. Solomon, Assistant General Counsel, Federal Communications Commission, were on the brief, for appellee.

Before FAHY, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

This is an appeal from a Federal Communications Commission decision to suspend each of appellants' radiotelephone first class operator's licenses for 90 days. The suspensions were based on alleged violations of section 303(m) (1) (C) of the Communications Act of 1934, and section 13.69 of the Commission's Rules.[1] Two agreed questions are presented: (1) whether the Commission is empowered under the Communications Act to suspend the operators' licenses of licensed radiotelephone operators in the employ of a licensed television station who go on strike, and in so doing disable

---

[1] 47 U.S.C.A. § 303(m) (1) authorizes the Commission to suspend the license of any operator who:

"(A) has violated * * * any regulation made by the Commission * * * or

"(B) has failed to carry out a lawful order of the * * * person lawfully in charge of the ship or aircraft on which he is employed; or

"(C) has willfully damaged or permitted radio apparatus or installations to be damaged; or

"(D) has transmitted superfluous radio communications or * * * obscene words * * * or has knowingly transmitted—(1) false * * * communications, or (2) a [false] call signal or letter * * * or

"(E) has willfully or maliciously interfered with any other radio communications or signals * * *.

"(F) * * * *."

Section 13.69 of the Commission's Rules provides:

"*Interference.* No licensed radio operator shall willfully or maliciously interfere with or cause interference to any radio communication or signal."

the transmitting equipment of the station so that it cannot readily be placed back into operation, but do not physically destroy, break or permanently harm any of such equipment; and (2) whether the Commission has statutory authority under the Communications Act to promulgate section 13.69 of its Rules to cover interference with "*any* radio communication or signal," when the statute itself in section 303(m) (1) (E) refers to interference with "any *other* radio communications or signals." We answer both questions in the affirmative, and affirm the decision of the Commission.

The Commission found (and it is admitted) that appellants, immediately prior to walking off their jobs pursuant to the strike, "manipulated and dislocated various controls and connections and accessories at the transmitter so that it could not have been started as scheduled; * * * could not be started at all until [appellants'] maladjustments were searched out and corrected." [2] In fact the station was off the air for more than 12 hours; the time consuming factor was not primarily repair, but discovery of the maladjustments which had to be detected by painstaking trial and error in repeated attempts to restore operations as each defect was discovered seriatim.

■■■ Appellants state that the statutory provisions for suspension of licenses are punitive. We have no doubt that they are, and consequently we construe the statute strictly.[3] However, considering the purpose of the statute, we conclude that even a strict construction of the word "damage" includes the disablement which occurred here. The statutory authority here has underlying it a congressional policy to keep open and available at all times means of communications. Severe penalties, risk of loss of license, attend a licensee's willful interference with broadcasting operations. Local emergencies, to say nothing of a serious national emergency such as enemy attack, would make all existing radio and TV stations vital links of communication with the public. Our civil defense programs rely on these links. So viewed, any acts of sabotage of any vital media jeopardizes highly important public interests. That the acts are highly sophisticated sabotage does not lessen and if anything heightens their offense against the public interest. Hatchet blows or cut wires, could well be less, not more, effective damage simply because they could be more readily detected. These skilled radio engineers with their special training and special knowledge of the particular equipment were able to inflict a subtle kind of damage and interference with communication, which took long hours of painstaking trial and error effort to remedy. The very license which the Commission issued to them placed them in the position where they could perform these acts.

■■■ Appellants say their actions should not be punished because they were acting pursuant to a legitimate strike. But the existence of a labor dispute, or even justification for a strike is no license for hooliganism. Appellants claim they had no intent to violate the law, and hence did not act "willfully" blandly arguing that they thought disabling without physically destroying was not covered by the statutes. That the actors hoped or expected that voluntary and knowledgeable acts as an expert's were technically within the law is unimportant so long as the consequences of the acts here performed were the consequences intended.[4] A vague notion on the part of appellants that the existence of a labor dispute or strike extended to appellants a mantle of immunity does not render the

2. Nineteen specific elements of abnormal conditions were recited in the findings.

3. Lockwood v. District of Columbia, 1905, 24 App.D.C. 569. F.C.C. v. WOKO, Inc., 1946, 329 U.S. 223, 67 S.Ct. 213, 91 L.Ed. 204, is not *contra*. Cf. Wilson v. Civil Aeronautics Board, 1957, 100 U.S.App.D.C. 325, 244 F.2d 773.

4. See Townsend v. United States, 1938, 68 App.D.C. 223, 95 F.2d 352, certiorari denied, 303 U.S. 664, 58 S.Ct. 830, 82 L. Ed. 1121.

acts any less willful or the consequences any less serious.

We conclude that the Commission properly characterized appellants' conduct as willful damage to radio apparatus or installations, and constituted a violation of subsection (C) of the statute. As to appellants' second contention, there is no claim that appellants' conduct was not properly characterized as willful or malicious interference with radio communications or signals.[5] Instead, the argument is that Rule 13.69, which states that "No licensed radio operator shall willfully or maliciously interfere with * * * any radio communication or signal," is invalid as exceeding the authority delegated by the statute. Appellant argues that the regulation, in declaring certain acts to be punishable, must merely restate or interpret the terms of the statute; it cannot go beyond,[6] but that it does in fact go farther than the statute because the statutory word "other" is omitted in the regulation. Section 303(m) (1) (see note 1 supra) lists a number of specific offenses for which an operator's license may be suspended, and concludes with the words "or (E) has willfully or maliciously interfered with any other radio communications or signals * * *."

 The Commission's regulations merely restate the offenses in prohibitory language, which suggests the Commission in promulgating the regulations did not go beyond the intent of the statute. True, in the regulatory counterpart of subsection (E) of the statute, the word "other" is omitted. This omission does not create any broader meaning in the regulation than in the statute; *interference* with radio communication or signals is the evil which Congress intended the Commission to prevent and the regulations implementing the statute do not go beyond this purpose. The Commission properly determined that appellants were punishable under both subsection (C) of the statute and section 13.69 of the Commission's Rules.

Affirmed.

FAHY, Circuit Judge, concurs in the result.

---

5. The hearing examiner concluded that the conduct did *not* amount to willful or malicious interference with *radio communications or signals*, apparently because he took "radio communications or signals" to mean the electronic wave, not the propagating equipment. The Commission reversed the examiner on this score, but appellant does not argue here that the examiner was right and the Commission wrong on this point.

6. See F.C.C. v. American Broadcasting Co., 1954, 347 U.S. 284, 74 S.Ct. 593, 98 L.Ed. 699.