Daniel Joseph GARBER, Petitioner-Appellant,

v.

CIVIL AERONAUTICS BOARD, Respondent.

No. 215, Docket 25839.

United States Court of Appeals
Second Circuit.

Argued March 1, 1960.

Decided March 28, 1960.

Robert J. Kilgore, Erie, Pa. (Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, Pa., on the brief), for petitioner-appellant.

Abbott A. Leban, Atty., Civil Aeronautics Board, Washington, D. C. (John H. Wanner, Deputy Gen. Counsel, O. D. Ozment, Associate Gen. Counsel, Civil Aeronautics Board, Washington, D. C., Robert A. Bicks, Acting Asst. Atty. Gen., Richard A. Solomon, Atty., Dept. of Justice, and Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, Washington, D. C., on the brief), for respondent.

Before CLARK, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

Petitioner, now a resident in this circuit, seeks review, 49 U.S.C. § 1486, of an order of the Civil Aeronautics Board, made pursuant to § 609 of the Federal Aviation Act, 49 U.S.C. § 1429, revoking his flight instructor certificate and directing that he shall not be issued any type of flight instructor certificate for 90 days thereafter. The order resulted from a complaint by the Civil Aeronautics Administrator, as he was then called, charging that on July 17, 1958, petitioner had endorsed the log-book of R. C. Jaye for flight instruction when this had not been given by petitioner or any other holder of a flight instructor rating. Section 20.136 of the Civil Air Regulations, 14 C.F.R. § 20.136, to which the complaint did not specifically refer, requires that a flight instructor "shall sign the student pilot's record for each period of flight instruction."

Petitioner's answer admitted falsely signing Jaye's log-book but denied that "this displayed such disregard for the Civil Air Regulations that said flight instructor certificate should be revoked"; as "New Matter" petitioner recited alleged "duress" practiced on him by Jaye. Hearing was waived. The Hearing Examiner suggested that petitioner might wish to reconsider his waiver of a hear-

ing; petitioner did not do so. In accordance with the Board's practice in non-hearing cases, 14 C.F.R. § 301.17, the Administrator then filed a "recommendation" with the Hearing Examiner. Attached to this were copies of two letters from Jaye. The first made the charge that petitioner had signed Jaye's log-book for a flight in which Jaye was accompanied by a pilot not licensed as an instructor. The second gave further details and added that, four days after the 45-minute flight as to which petitioner had made the false entry, petitioner gave Jaye 45 minutes of instruction but did not sign the log. The recommendation commented adversely on petitioner's excuse as to duress. Petitioner says no copy of the recommendation was sent to him; the Board does not deny this. The Examiner rendered an Initial Decision concurring in the Administrator's view that the alleged duress did not excuse the false entry and ordering revocation. Petitioner appealed to the Board, alleging that the Examiner had not given adequate consideration to his defense of coercion and that the sanction was excessive. The Board affirmed.[1]

■ We need not pass upon the Board's contention that some of the attacks that petitioner now makes on the Board's order are not open to him under § 1006(e) of the Federal Aviation Act, 49 U.S.C. § 1486(e), which limits us to objections urged before the Board unless there were reasonable grounds for failure to urge them. For we find petitioner's objections to be without merit in any event. Petitioner criticizes the complaint on the ground that it did not inform him of the precise section of the Civil Air Regulations claimed to be violated. However, the complaint clearly apprised the petitioner of the facts contended to constitute a violation and the legal consequences claimed to ensue. It thus complied with § 5(a) (3) of the Administrative Procedure Act, 5 U.S.C. § 1004(a) (3); the Regulations had been duly published as required by § 3 of the Administrative Procedure Act, 5 U.S.C. § 1002(a), and the Administrator was not required to refer to the particular section claimed to have been violated, at least when his failure to do so was in no way misleading. American Newspaper Publishers Ass'n v. N. L. R. B., 7 Cir., 1951, 193 F.2d 782, 799–800, affirmed, 1953, 345 U.S. 100, 73 S.Ct. 552, 97 L.Ed. 852; see N. L. R. B. v. Pecheur Lozenge Co., 2 Cir., 1953, 209 F.2d 393, 402, certiorari denied 1954, 347 U.S. 953, 74 S. Ct. 678, 98 L.Ed. 1099. Petitioner next attacks the failure to send him a copy of the Administrator's recommendation. While it would have been better practice to have done this, we cannot say that the Board's rule, 14 C.F.R. § 301.17, required it or that the Board was bound to require it when hearing had been waived. In any event, petitioner was not prejudiced, since the recommendation contained no facts which petitioner disputed and he had full opportunity to reply to its arguments on his appeal from the Initial Decision. See Sisto v. C. A. B., 1949, 86 U.S.App.D.C. 31, 179 F.2d 47, 51. Plainly § 20.136 of the Regulations was violated; the mandate that an instructor "shall sign the student pilot's record for each period of flight instruction" means equally that he shall not sign the record for instruction not received. The Board was justified in overruling petitioner's excuses of "duress" on the part of Jaye and of penitence on his own part by giving Jaye a later lesson for which petitioner did not sign the log-book, the latter apparently constituting a fresh violation of the regulation. While the remedy of revocation, with a three-months' waiting period before issuance of a new certificate, may have been severe under the circumstances, we cannot find it was arbitrary where safety is at stake. Walker v. C. A. B., 2 Cir., 1958, 251 F.2d 954, 956.

The petition to review is denied and the order affirmed.

1. We have omitted reference to another violation of the Civil Air Regulations alleged by the Administrator and found by the Examiner but not passed on by the Board.