T. Glen FRENCH, Petitioner,

v.

CIVIL AERONAUTICS BOARD and William F. McKee, Administrator, Federal Aviation Agency, Respondents.

No. 8818.

United States Court of Appeals
Tenth Circuit.

May 19, 1967.

Francis M. Pickel, Jr., Oklahoma City, Okl., for petitioner.

Nathaniel P. Breed, Jr., Atty., Civil Aeronautics Board (Donald F. Turner, Asst. Atty. Gen., Howard E. Shapiro, Atty., Department of Justice, Joseph B. Goldman, Gen. Counsel, Civil Aeronautics Board, O. D. Ozment, Deputy Gen. Counsel; Warren L. Sharfman, Associate Gen. Counsel, Litigation and Legislation, and Frederic B. Houghteling, Atty., Civil Aeronautics Board, on the brief), for respondents.

Before LEWIS, HILL and SETH, Circuit Judges.

SETH, Circuit Judge.

The Administrator of the Federal Aviation Agency (hereinafter the Administrator) ordered a six-month suspension of the petitioner's authorization to act as an aircraft inspector for his failure to conduct inspections of two civil aircraft in accordance with inspection procedures established by the Administrator. Thereafter, a full evidentiary hearing was held before a hearing examiner of the Civil Aeronautics Board (hereinafter the Board). The hearing examiner affirmed the Administrator's six-month suspension, and the petitioner then sought review by the Board. The Board affirmed the decision of the hearing examiner, and the petitioner now seeks judicial review of the Board's final order under 49 U.S.C.A. § 1486(a).

Inspection deficiencies asserted against one of the aircraft, a Piper J–3C, were that the petitioner failed to operate the engine or make a compression check of the cylinders; that no compass correction card was in the aircraft; that certain instruments in the cockpit were not properly marked, and that bolts in the oil tank were too short. Inspection deficiencies asserted against the other aircraft, a Douglas DC–3, were that the petitioner failed to conduct a compression check of the engine cylinders, and failed to operate the landing gear through a retraction cycle by placing the aircraft on jacks.

The Administrator asserted that the petitioner certified the airworthiness of these two aircraft despite the foregoing deficiencies in inspection procedures, and thus failed to conduct the inspections in conformance with the methods promulgated by the Administrator. Thus the six-month suspension of the petitioner's Inspection Authorization was ordered by virtue of the Administrator's authority contained in 49 U.S.C.A. § 1429.

From preliminary findings that each inspection deficiency described above was present when the petitioner certified the airworthiness of the two aircraft involved, the hearing examiner found that the petitioner had not performed the periodic inspections in accordance with prescribed procedures. Although the petitioner has not expressly challenged the sufficiency of the evidence upon which the examiner's findings are based as a point for review, his brief nevertheless contains references to the sufficiency of the evidence.

■■■ Under 49 U.S.C.A. § 1486(e), judicial review of the Board's findings of fact is limited to determining whether the findings are supported by substantial evidence. Except for the finding concerning the missing compass correction card, we are satisfied from the record that substantial evidence supports the examiner's findings for all remaining inspection deficiencies. It is unnecessary to comment on the evidence pertaining to the missing compass correction card because, in our view, the six-month suspension was an appropriate exercise of the Administrator's discretion for the remaining inspection deficiencies which were established by substantial evidence.

The evidence proving the inspection deficiencies is for the most part undisputed, and may be summarized from the record for each deficiency. The Piper aircraft was reinspected by an FAA inspector thirteen days after the petitioner certified airworthiness. The FAA inspector testified that he was unable to see marks on the cockpit instruments which indicate to the pilot safe limits of engine operation. The inspector viewed the instruments from within the cabin and standing outside and looking in. The petitioner testified that the instruments were marked, but with a translucent substance. In any event they were not marked to conform with the Administrator's requirement that the marks be "clearly and easily visible." The FAA inspector testified that at least half the oil tank retaining bolts were too short for the fiber locking nuts and thus failed to meet the Administrator's minimum standards. The petitioner agreed that the bolts and nuts were marginal, but contended that it was a matter of opinion.

■■■ The petitioner admitted that the engine of the Piper aircraft was not operated and that no check was made of the cylinder compression. The petitioner advanced two reasons for omitting these required procedures: that the engine was recently overhauled and the required inspection procedures were unnecessary; or that he had relied on a Mr. Archer, who was helping with the inspection, to perform the engine and cylinder inspections. The Administrator's prescribed procedures however make no exception for recently overhauled engines, and the FAA inspector testified that proper engine operation and cylinder compression can be determined only by performing those specific inspection procedures. Moreover, if the petitioner did rely on Mr. Archer to perform the inspections, the petitioner as an authorized inspector had a responsibility to discover if the procedures were in fact performed before he certified airworthiness. Although the Board has not challenged delegation of inspection procedures, the petitioner cannot delegate his authority to certify airworthiness. The neglect and oversights of his helpers provide no excuse for the petitioner.

■■■ For the Douglas aircraft, the petitioner admitted that the landing gear was not operated through a retraction cycle by placing the plane on jacks. His reason for omitting this required procedure was that he understood the air-

craft owner would perform the retraction cycle. The petitioner's reliance on the aircraft owner to conduct the retraction cycle is no different than the petitioner's reliance on Mr. Archer to inspect the engine of the Piper aircraft. The neglect of others is no excuse for the petitioner. The petitioner admitted that he made no compression check of the engine cylinders on the Douglas aircraft, though the engines were operated. The petitioner sought to explain this omission by suggesting that operating the engines to maximum power gives an adequate indication of their condition, while compression checks do not necessarily give an accurate indication of engine condition. The petitioner may think a compression check superfluous, but as an authorized inspector he is not free to ignore the Administrator's inspection procedures because he disagrees with them. Cf. Somlo v. Civil Aeronautics Board, 367 F.2d 791 (7th Cir.).

The hearing examiner's findings are supported by substantial evidence, and the petitioner's own admissions indicate an impermissible willingness to substitute his judgment for inspection procedures prescribed by the Administrator pursuant to statute.

■ In his brief the petitioner suggests that failure to operate the landing gear of the Douglas aircraft through a retraction cycle should be excused as an inspection deficiency because a retraction cycle is not required by the Administrator's inspection procedures. The statute authorizing judicial review of the Board's orders provides:

"* * * No objection to an order of the Board or Administrator shall be considered by the court unless such objection shall have been urged before the Board or Administrator or, if it was not so urged, unless there were reasonable grounds for failure to do so." 49 U.S.C.A. § 1486(e).

The record discloses that the petitioner did not advance an argument before the Board to the effect that a retraction cycle was not required, and his brief contains no reason for failure to do so.

Moreover, we find the petitioner's argument without merit. The record reveals that the petitioner has held an Inspection Authorization for more than ten years, and the petitioner's sole excuse at the hearing for failing to conduct a retraction cycle was his reliance on the aircraft owner. Indeed, the record discloses that the petitioner had no doubts about performing a retraction cycle as part of the periodic aircraft inspection.[1] We are also satisfied that the petitioner, an experienced inspector, would and did understand that a retraction cycle is required to determine proper operation of the landing gear.[2]

■ The petitioner suggests that the inspection deficiencies should be excused because the aircraft were airworthy, notwithstanding the deficiencies. This argument, which we cannot accept, overlooks the purpose of aircraft inspections. Periodic inspections promote air safety and protect the lives of pilots, passengers, and persons on the ground. Insofar as airworthiness can be determined by inspection, the inspector is bound to observe the Administrator's inspection procedures. The petitioner's failure to conduct complete inspections cannot be excused by a later determination that the aircraft involved are airworthy. See Somlo v. Civil Aeronautics Board, supra. Good luck is not an ac-

---

[1]. On cross-examination the Board's trial counsel asked the petitioner the following question: "Q. * * * How do you know whether it [the landing gear] is going to retract properly without binding, chafing, how do you know whether it is going to retract properly if you don't put it through a cycle?" The petitioner answered: "A. I am not disputing that end of it at all."

[2]. The Administrator's inspection procedure provides: "(e) Each person performing a periodic or 100-hour inspection shall inspect (where applicable) the following components of the landing gear group: * * * (4) Retracting and locking mechanism—for improper operation."

ceptable substitute for proper aircraft inspections.

■ The petitioner suggests that he was not accorded a fair hearing because the hearing examiner did not order a continuance of the hearing to receive the testimony of Mr. Archer, who was employed by the petitioner to assist with inspection of the Piper aircraft, and who was ill when the hearing took place. Petitioner was not represented by counsel during the hearing, but he did introduce an affidavit of Mr. Archer, which the examiner admitted, and in which it is stated that the affiant marked the cockpit instruments. It appears however that he would have testified that the instruments were marked with a translucent substance. Thus the examiner had no reason to believe that Mr. Archer's testimony would prove significant, for the petitioner testified that the instruments were marked with a translucent substance. The petitioner sought no continuance, and we find no error in the examiner's failure to order a continuance. The Board held that reopening the record to consider Mr. Archer's affidavit or testimony would serve no useful purpose in view of the specific evidence considered by the examiner and the petitioner's own admissions.

Examination of the record and the affidavit satisfies us that the petitioner was not denied a fair hearing by the examiner's failure to order a continuance or by the Board's failure to reopen the record to receive the testimony.

■ The petitioner's final argument on review is that the hearing examiner admitted prejudicial evidence pertaining to earlier sanctions imposed on the petitioner by the Administrator. The record discloses that the Administrator imposed a three-month suspension of the petitioner's Inspection Authorization in 1960 for improper inspections of two aircraft. This was not appealed, and in 1961 the petitioner received a letter of reprimand following a similar incident. The examiner disclaimed reliance on the prior sanctions to establish the inspection deficiencies in question here, and we are satisfied that substantial evidence supports the inspection deficiencies without reference to the prior sanctions. Annot., 78 A.L.R.2d 1150.

■ It does not appear in the record whether the Administrator considered the prior sanctions in ordering a six-month suspension of the petitioner's Inspection Authorization, but the hearing examiner and the Board did consider the prior sanctions in affirming the six-month suspension. The Administrator and the Board are given discretion under 49 U.S.C.A. § 1429 for the imposition of appropriate sanctions to promote air safety and the public interest. Garber v. Civil Aeronautics Board, 276 F.2d 321 (2d Cir.). We hold that it is not error to consider prior violations of the same regulations in determining a suitable sanction for the inspection deficiencies involved here. We are satisfied that the examiner and the Board considered all mitigating circumstances advanced by the petitioner for modifying the six-month suspension, and we cannot say that the Board's order affirming the Administrator's suspension discloses an abuse of discretion.

The final order of the Civil Aeronautics Board is affirmed.