70 F.3d 118
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
James H. SHELTON, Petitioner,
v.
David R. HINSON, Administrator, Federal Aviation
Administration, Respondent.
 No. 95-2081.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 6, 1995.
Filed Nov. 16, 1995.
 
 Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 James H. Shelton appeals from the final order entered by the National Transportation Safety Board (Board) affirming the Administrative Law Judge's (ALJ) decision to suspend his Inspection Authorization (IA) certificate.[1] We affirm.
 
 
 2
 In September 1994, the Administrator of the Federal Aviation Administration (FAA) issued an emergency order suspending Shelton's IA. In part, the Administrator alleged that on December 1, 1993, Shelton improperly performed an annual inspection of a Cessna airplane--Civil Aircraft N22896--and certified it as airworthy, when in fact it was not; and that Shelton's refusal to consent to the Administrator's request that he take a reexamination to test his competency to be a holder of an IA was a violation of 49 U.S.C. Sec. 44709(a). The Administrator suspended Shelton's IA until such time as he passed a reexamination.
 
 
 3
 At a December 1994 administrative hearing before an Administrative Law Judge (ALJ), the Administrator presented unrebutted evidence showing that there were numerous deficiencies in the aircraft's logbooks and records, that equipment had been installed on the Cessna after manufacturing which had not been documented on the required FAA forms, that Shelton failed to identify either of these discrepancies before declaring the Cessna airworthy, and that the Cessna was unairworthy.
 
 
 4
 The ALJ found the Administrator's request for Shelton to retest reasonable based on Shelton's failure to identify the numerous discrepancies during the December 1993 inspection. Thus, the ALJ affirmed the emergency suspension order. The Board affirmed the ALJ's decision, and Shelton sought judicial review.
 
 
 5
 The Board's order must be affirmed unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. Sec. 706(2)(a); Olsen v. National Transp. Safety Bd., 14 F.3d 471, 474 (9th Cir.1994) (standard of review). Although the Board's conclusions of law are reviewed de novo, see Olsen, 14 F.3d at 474, its findings of fact are conclusive when supported by substantial evidence in the record, see 49 U.S.C. Secs. 44709(f), 46110(c). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Blackman v. Busey, 938 F.2d 659, 661 (6th Cir.1991).
 
 
 6
 Shelton first argues this action should have been dismissed pursuant to the stale complaint rule. See 49 C.F.R. Sec. 821.33. Because the offense at issue was Shelton's refusal to comply with the Administrator's request for reexamination and not the December 1993 inspection, we conclude that the stale complaint rule is not applicable. See id. (stale complaint rule only applies to allegations of offenses which are more than six months old).
 
 
 7
 After reviewing the record, we reject Shelton's argument that the Board's decision is not supported by substantial evidence. See 49 U.S.C. Sec. 44709(a), (b)(1)(A) (stating when Administrator may suspend airman's IA); 49 U.S.C. Sec. 40102(a)(8)(B) (airman is defined as individual who is in charge of, among other things, inspecting aircraft); French v. Civil Aeronautics Bd., 378 F.2d 468, 470-71 (10th Cir.1967) (substantial evidence supported Administrator's suspension of airman's inspection certificate where record showed airman failed to properly inspect aircraft in accordance with FAA requirements). To the extent Shelton is also arguing that his IA should not have been suspended because the Cessna could still be flown despite the inspection deficiencies, we note that "[g]ood luck is not an acceptable substitute for proper aircraft inspections." Id. at 471-72.
 
 
 8
 We reject as meritless Shelton's argument that the ALJ lacked jurisdiction to conduct the administrative hearing in Missouri. See 49 C.F.R. Sec. 821.37(a). Finally, we lack jurisdiction to review Shelton's allegations of age discrimination because they are raised for the first time on appeal and Shelton has not asserted any reason for his failure to raise them below. See 49 U.S.C. Sec. 46110(d) (court may consider objection to Administrator's order only if made in proceeding below or if there was reasonable ground for not making it below).
 
 
 9
 The judgment is affirmed.
 
 
 
 [1]
 The holder of an IA may, among other things, perform annual inspections of aircraft. See 14 C.F.R. Sec. 65.95(a)(2)