Albert I. STIX, III, Petitioner,

v.

Langhorne M. BOND, Administrator, Federal Aviation Administration and National Transportation Safety Board, Respondents.

No. 77–1496.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 10, 1978.

Decided Jan. 25, 1978.

Donald S. Hilleary, Clayton, Mo., argued and filed brief, for petitioner.

Barbara Allen Babcock, Asst. Atty. Gen., Leonard Schaitman, and Alice L. Mattice (argued), App. Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C., on brief, for respondents.

Before GIBSON, Chief Judge, MATTHES, Senior Circuit Judge, and ROSS, Circuit Judge.

PER CURIAM.

Albert Stix petitions this court to review the revocation of his airman's certificate. After hearing oral argument of counsel and considering the record and briefs presented, we affirm.

In January of 1976 the National Transportation Safety Board (NTSB) suspended Stix' airman's certificate for a period of 90 days upon finding that he had engaged in certain prohibited aerobatic maneuvers while piloting his aircraft. On February 11, 1976, Stix received notice that he was being investigated in connection with an allegation that he had piloted his plane on February 8, while his certificate was still under suspension. On March 26, 1976, the administrator of the Federal Aviation Administration (FAA) issued an order of emergency revocation of Stix' certificate. Stix appealed this order. After conducting a hearing the administrative law judge affirmed the order of revocation. The NTSB later affirmed that decision. In his appeal to this court, Stix alleges (1) that the factual findings of the administrative law judge are not supported by substantial evidence, (2) that the administrative law judge was biased and thereby deprived Stix of his right to an impartial hearing, and (3) that the penalty of revocation is clearly excessive.

The sole factual issue presented to the administrative law judge that is challenged here was the identity of a person observed flying Stix' plane at Arrowhead and Creve Coeur Airports in St. Louis on the day in question. The administrator produced three eyewitnesses positively identifying Stix as the pilot. Two of these witnesses, one of whom had known Stix for a number of months, testified that they were standing near a runway at Arrowhead Airport as Stix' plane landed and taxied past within close proximity to the place the witnesses were standing. The other witness, a fuel pump operator at Creve Coeur Airport, testified that he helped Stix refuel his plane, then watched as Stix started the plane and took off.

Stix testified that he had allowed a friend, a man named Dan Hogan, to fly his plane on the day in question, and that it was Hogan, not Stix, who was seen landing the plane at Arrowhead. With regard to the sighting at Creve Coeur, Stix admits that he refueled his plane there. He testified, however, that after the plane was fueled and started, Hogan got in and flew it. In addition, Stix produced as a witness a friend of his who testified that he was also near the runway at Arrowhead as Stix' plane taxied past and that the pilot was someone other than Stix.

The administrative law judge resolved the issue of the pilot's identity in

favor of the administrator. We cannot disturb that finding if it is supported by substantial evidence on the record as a whole. *Doe v. Department of Transportation,* 412 F.2d 674, 677 (8th Cir. 1969). We are especially reluctant to overturn a factual determination where, as here, the finding depends almost entirely upon the credibility of the various witnesses. We think it significant that the one person who could have verified Stix' version of the facts—Dan Hogan—was not produced as a witness, though Stix admits that his testimony could have been compelled. On the record before us, we must reject Stix' argument that the finding of the administrative law judge is not supported by substantial evidence.

■ During discovery prior to the hearing, Stix moved to compel the administrator to disclose the names of the witnesses against Stix. The administrator opposed this motion on the ground that he feared for the safety of his witnesses. In support of his opposition, the administrator filed four affidavits alleging that Stix had threatened physical violence against various persons in connection with the earlier suspension of his certificate. Stix now complains that the administrative law judge became biased by his reading of these documents and thus deprived Stix of his right to a fair and impartial hearing. We have examined the record and can find no evidence whatever to support an allegation that the administrative law judge handled the case in anything less than a fair and evenhanded manner. Stix candidly admits that his argument rests entirely upon the bare assertion that the reading of the documents alone must have influenced the judge's view of the case. The presumption, of course, is to the contrary, *Withrow v. Larkin,* 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975), and we decline to indulge an inference of bias from the mere fact that the affidavits impugn the character of the petitioner.

■ We also reject petitioner's argument that revocation was an excessive penalty. The penalty was imposed for a violation committed while Stix' certificate was already under suspension, was within the specific statutory authorization of the administrator and, while termed a "revocation," does not preclude Stix from applying for a new certificate one year after the date of revocation. *See* 14 C.F.R. § 61.13(g)(1).

Affirmed.