**William Dennis Morgan OWENS, Petitioner,**

v.

**NATIONAL TRANSPORTATION SAFETY BOARD, and J. Lynn Helms, Administrator, Federal Aviation Administration, Respondents.**

No. 83–1975.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1984.

Decided May 18, 1984.

Rehearing and Rehearing En Banc Denied June 28, 1984.

---

Brad D. Eidson, Houston, Mo., for petitioner.

Peter J. Lynch, Washington, D.C., Mardi R. Thompson, Federal Aviation Administration, Washington, D.C., for respondents.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

William Dennis Morgan Owens appeals from an order of the National Transportation Safety Board suspending his private pilot certificate for 180 days because he flew an airplane at an altitude below 500 feet and closer than 500 feet to persons and property near Mountain View, Missouri. He argues that there is no substantial evidence to identify the plane, or that he was piloting it at the time of the occurrence. We affirm the order of the Board.

A green and white single-engine Bonanza airplane with retractable landing gear and a V-tail was seen flying about 30 feet above the ground and below the tree line at about 5:40 p.m. on June 2, 1981, west of Mountain View, Missouri. It flew past a truck pulling a horse trailer, and at an oncoming vehicle causing it to run off the road onto the shoulder. The vehicle pulling the horse trailer was operated by a Trooper of the Missouri State Highway Patrol who recognized the distinctive aircraft from intelligence activities he had conducted at a nearby airport. He knew the owner of the plane. At the time of the incident a person was seen on the right side of the plane and it was assumed that two persons were in it.

The Federal Aviation Administration through its principal operations inspector notified Dennis Owens of its investigation of the incident. Owens flatly denied the incident. The Regional Counsel of the Federal Aviation Administration entered an order suspending Owens' private pilot certificate for 180 days as a result of the incident. Owens appealed the suspension to the National Transportation Safety Board. A hearing was conducted by an Administrative Law Judge and the order of suspension was affirmed. Owens was represented by counsel. He did not testify at the hearing. This initial decision was appealed and the National Transportation Safety Board affirmed the suspension by a three to two decision. It found that Owens was pilot in command of the plane and had violated sections 91.79(c) and 91.9 of the Federal Aviation Regulations in operating the plane at an altitude below 500 feet and closer than 500 feet to persons and property.

The issues raised on appeal are whether there was substantial evidence to support the findings identifying the plane in question and identifying Owens as its pilot.

Our standard of review is narrow. 49 U.S.C. § 1486(e), which is section 1006(e) of the Federal Aviation Act of 1958, explicitly provides that findings of fact by the Board, if supported by substantial evidence, shall be conclusive. We have held that the Board's findings are not to be disturbed if supported by substantial evidence on the record as a whole. *Stix v. Bond*, 569 F.2d 1029, 1031 (8th Cir.1978), *Doe v. Department of Transportation*, 412 F.2d 674, 677 (8th Cir.1969). We must determine whether the Agency "could fairly and reasonably find the facts as it did." *Western Airlines, Inc. v. CAB*, 495 F.2d 145, 152 (D.C. Cir.1974), quoting *Braniff Airways, Inc. v. CAB*, 379 F.2d 453, 462 (D.C.Cir.1967).

 Having examined the record we conclude that there was substantial evidence to support the finding as to the aircraft involved in the incident. Trooper Tuschhoff, who was pulling the trailer with the horse, stated that the plane was a faded green and white single-engine Bonanza with retractable gear and a V-tail. He had seen it many times at the Mountain View Airport and described it as one-of-a-kind with distinctive markings, age, and condition. He knew at the time of the incident that this was the plane he had seen many times before. Mrs. Tuschhoff, who was present in the car, also identified the plane as a V-tail, single-engine aircraft, turquoise in color. Other eyewitnesses confirmed the low flight by a small plane but could not give further details. Peter Lindma, owner of the plane, confirmed that it was turquoise or green over white, had a V-tail and retractable landing gear and was unusual. He stated that he had given the only set of keys to the plane to Owens at about two o'clock p.m. that day and that at five-thirty p.m. he had looked for the aircraft but it had not yet been returned. Owens argues that the descriptions of the plane by the witnesses made no reference to the distinctive color configuration which was described by the owner as turquoise, or green over white, and that the only witness who was specific in the identification, Trooper Tuschhoff, had a personal interest in the case because of conversations he had had with Owens evidently because the horse was injured in the excitement of the incident. It is not our function to reexamine credibility determinations of the Administrative Law Judge. *Loomis v. McLucas*, 553 F.2d 634, 636 (10th Cir.1977); *Stern v. Butterfield*, 529 F.2d 407, 409 (5th Cir.1976); *Air East, Inc. v. NTSB*, 512 F.2d 1227, 1233 (3rd Cir.), *cert. denied*, 423 U.S. 863, 96 S.Ct. 122, 46 L.Ed.2d 92 (1975). There was substantial evidence to describe this particularly distinctive plane which was away from its airport only ten minutes before the incident in question, which occurred in the direction the plane was to be flown that afternoon.

The identification of the pilot as Owens presents a somewhat closer issue. We observe, however, that circumstantial evidence satisfies the substantial evidence requirement and may be used to prove pilot identity. *Proud v. CAB*, 357 F.2d 221, 223–24 (7th Cir.1966).

 Lindma, the owner of the plane, gave the keys to Owens about two o'clock p.m. and asked him to fly the plane to West Plains to pick up some things for him. The keys were not returned until the following day. When Lindma talked to Owens about the incident, Owens told him that contrary to the report of witnesses, he was not flying the aircraft below the trees or "getting that close" to the highway. Lindma states that he asked Owens how low he really was and Owens said "he wasn't that low," meaning below the trees. The trees were about 30 to 40 feet in height in that area. Trooper Hughes testified that he first talked to Lindma and then contacted Dennis Owens. Owens told Hughes that someone was with him in the plane but then stated that he would not say anymore. Owens said nothing to Hughes about who was piloting the plane but Hughes had the impression that Owens was flying. In reaching its conclusion the Board pointed to the evidence of the owner that Owens had been given control of the aircraft. From this evidence and from Owens' com-

ments to Lindma and Hughes a reasonable inference could be drawn that he was on board the aircraft and was the pilot in command.

The Board observed that since Owens was a pilot and there was another person on board, the burden would rest on Owens to show that the other person was the pilot in command. *Administrator v. Dye*, 2 NTSB 1585 (1975). In *Proud, supra*, the court held that the failure of the mechanic to testify allowed an inference that his testimony would have been unfavorable. 357 F.2d at 223. We conclude that the evidence that Owens had control of the aircraft plus Owens' comments to Lindma constitute sufficient evidence to support the Board's finding without engaging in the exercise of shifting the burden to Owens or reaching an unfavorable inference because of his failure to testify.

Owens has cited a number of earlier decisions which he argues require reversal. The factual issues in this case are unique, and we do not see anything in the cases cited demonstrating that the factual findings were not supported by substantial evidence.

We affirm the order of the Board suspending Owens' private pilot certificate for the period of 180 days.