**Captain Raul PASTRANA, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Bryant M. Chestnutt, individually and in his official capacity as an employee of the Federal Aviation Administration, and Eastern Air Lines, Inc., a Delaware corporation, Defendants-Appellees.**

Nos. 83–5311, 83–5460.

United States Court of Appeals, Eleventh Circuit.

Nov. 19, 1984.

Stuart A. Goldstein, Miami, Fla., for plaintiff-appellant.

Thornton, David & Murray, P.A., Carolyn A. Pickard, Miami, Fla., for Eastern Air Lines, Inc.

Ana Barnett, Linda Collins Hertz, Asst. U.S. Attys., Thornton, David & Murray, P.A., Carolyn A. Pickard, Miami, Fla., for the U.S.

Before HENDERSON and CLARK, Circuit Judges, and ATKINS,* District Judge.

CLARK, Circuit Judge:

This appeal arises out of a summary judgment order by the district court dismissing the plaintiff's various constitutional tort claims against the United States and its employee, Bryant M. Chestnutt, a Federal Aviation Administration (FAA) inspector. On appeal, the petitioner does not contest the district court's dismissal of the pendent claims against Eastern (No. 83–5460), nor does he contest the dismissal of his common law tort claims against Inspector Chestnutt. Furthermore, petitioner has candidly admitted that he has no authority rebutting the district court's finding that in this action the doctrine of sovereign immunity bars suit against the United States. We hereby affirm the district court's dismissal as to the United States.

The only remaining issue on appeal involves the potential civil liability of Inspector Chestnutt for allegedly acting beyond his authority in ordering Eastern Air Lines not to use petitioner as "pilot-in-command" upon petitioner's refusal to discuss a "landing incident" with him. The district court dismissed petitioner's complaint finding

---

* Honorable C. Clyde Atkins, U.S. District Judge for the Southern District of Florida, sitting by designation.

that his suspension without notice and hearing did not deprive him of his fifth amendment due process rights under 49 U.S.C. § 1429(a) which allows appropriate FAA officials to suspend a pilot certificate in case of emergency. *See Stern v. Butterfield*, 529 F.2d 407, 410–11 (5th Cir. 1976). Having carefully reviewed the relevant statutory provisions concerning pilot certificate suspensions, we conclude that petitioner's constitutional claim was not precluded as a matter of law by 49 U.S.C. § 1429(a),[1] and therefore remand this case to the district court for further disposition.

On October 26, 1981, petitioner was the pilot-in-command of Eastern Air Lines Flight 311 terminating at Greensboro, North Carolina. During the post-landing roll, the aircraft's left landing gear left the runway for a distance of about two hundred (200) feet. Upon inspection of the aircraft, it was discovered that mud covered two of the tires above the brakes, and that dirt and grass had been sucked into the intake of one of the engines. As a result, Eastern Air Lines decided not to use the aircraft for the scheduled continuation of the flight.

Two days later, on October 28, 1981, defendant Chestnutt, in his capacity as a Principal Operations Inspector,[2] requested a meeting with the petitioner and his crew to discuss the approach and landing phase of Flight 311. Petitioner refused to participate in such a meeting based on the fact that he had not yet had an opportunity to meet with his union representative.

Upon this refusal, Inspector Chestnutt immediately served upon petitioner a prepared letter ordering reexamination of his pilot qualifications and advising petitioner's employer, Eastern Air Lines, not to use him as pilot-in-command until satisfactory completion of the reexamination.[3] On October 30, 1981, Eastern Air Lines removed petitioner from "flight and pay status," stating that such action was "predicated upon the FAA's directive that Eastern is not to use you as pilot-in-command until satisfactory completion of the reexamination." (R. at 316).

On November 12, 1981, the Southern Regional Counsel's office of the FAA issued an Emergency Order of Suspension pursuant to 49 U.S.C. § 1429. This suspension was issued in accordance with applicable statutory provisions and is not complained of on appeal.

In his suit for damages for violation of his constitutional rights, petitioner sets out the following allegations: (1) that he held a pilot certificate which was a prerequisite to his employment as a pilot with Eastern Air Lines; (2) that Inspector Chestnutt, a federal agent, acted under color of his authority in depriving petitioner of his pilot certificate; (3) that such action was beyond Inspector Chestnutt's statutory or regulatory authority; and (4) that such illegal action

---

1. (a) The Administrator may from time to time, ... reexamine any civil airman. If, as a result of any such ... reexamination, or if, as a result of any other investigation made by the Administrator, he determines that safety in air commerce or air transportation and the public interest requires, the Administrator may issue an order amending, modifying, suspending, or revoking, in whole or in part, any ... airman certificate. Prior to amending, modifying, suspending, or revoking any of the foregoing certificates, the Administrator shall advise the holder thereof as to any charges or other reasons relied upon by the Administrator for his proposed action and, except in cases of emergency, shall provide the holder of such a certificate an opportunity to answer any charges and be heard as to why such certificate should not be amended, modified, suspended, or revoked.

2. An inspector is assigned to a given air carrier as the person directly responsible for assuring that operations activities and programs of the carrier meet FAA regulations.

3. The pertinent portions of the letter read:

We have concluded that your failure to maintain control of your aircraft after landing warrants reexamination to determine your qualification to exercise the privileges of your Airline Transport Pilot Certificate Number 1333545.

\* \* \* \* \* \*

Eastern Flight Operations has been advised by this office not to use you as pilot-in-command until satisfactory completion of the reexamination.

deprived petitioner of a constitutionally protected property interest without notice and hearing, and violated his right to due process under the fifth amendment.

In considering a motion to dismiss, the trial court must construe a complaint in the light most favorable to the plaintiff. When, as in this case, matters outside the pleadings are considered, the motion is treated as one for summary judgment. In granting such a motion, the court must find there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

### *Petitioner Has Asserted a Constitutionally Protected Right and an Appropriate Cause of Action*

■ Petitioner's pilot certificate, a predicate to his employment as a pilot, is a cognizable property interest protectable by the procedural due process requirement of the fifth amendment. Petitioner has a continuing legitimate claim of entitlement to the pilot certificate, and absent an extraordinary situation invoking an important governmental interest, is entitled to appropriate notice and hearing before being denied use of that pilot certificate. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 566, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

The district court dismissed the complaint finding that a pre-suspension hearing is not required under 49 U.S.C. § 1429, and therefore, petitioner presented no justiciable constitutional right. In reaching its conclusion, the district court relied on *Stern v. Butterfield*, 529 F.2d 407 (5th Cir.1976), which held that the FAA Administrator may issue an emergency suspension of a pilot certificate without prior notice or hearing. *Id.* at 411. The district court's reliance on *Stern*, given the facts of this case, was misplaced.

■ Title 49 U.S.C. § 1429(a) grants the FAA Administrator the authority to reexamine any civilian pilot from time to time, and if the public interest in air safety requires, the Administrator may amend, modify, suspend, or revoke a pilot's certificate as necessary. However, except in cases of emergency, no such order' shall take effect until the certificate holder has been given notice and an opportunity for a hearing. 49 U.S.C. § 1429(a). By regulation, the authority of the FAA Administrator to issue such orders has been further delegated to the Chief Counsel, the Assistant Chief Counsel for Regulations and Enforcement, and the Regional Counsel of the FAA. 14 C.F.R. 13.19(b).[4] Thus, the FAA's authority to revoke or suspend a pilot certificate is limited in two important respects by relevant statutes and regulations. First, except in emergencies, prior notice and opportunity for hearing must be given before an order takes effect. Second, only a few high-ranking officials within the FAA are empowered to issue such orders. For instance, in *Stern, supra*, it was the Administrator of FAA who suspended Stern's certificate. *See* 529 F.2d at 408.

■ The complaint alleges that Investigator Chestnutt's letter of October 28, 1981 amounted to a suspension of petitioner's pilot certificate, was so ordered without notice or hearing, and was issued by a FAA official acting beyond his statutory and regulatory authority. The statutes and regulations pertaining to pilot certificate suspensions indicate that FAA investigators are not empowered to issue suspension orders. Consequently, if Investigator Chestnutt's letter amounted to a suspension of the petitioner's pilot certificate, it is likely that he exceeded his authority in issuing such an order. However, further inquiry into the overall authority of Investigator Chestnutt's position, and the nature and effect of his letter must be conducted by the district court before any potential liability can be properly assessed. For purposes of this appeal, we do conclude that

---

4.    (b) [T]he Administrator may issue an order amending, suspending, or revoking, all or part of any ... airman certificate ... This authority is also exercised by the Chief Counsel, the Assistant Chief Counsel for Regulations and Enforcement, and the Regional Counsel concerned.

 

the district court erred in holding that the petitioner's constitutional right to a pre-deprivation hearing, under these facts, was precluded as a matter of law by 49 U.S.C. § 1429(a) and *Stern*. Moreover, the petitioner has brought an appropriate claim by stating an implied cause of action directly under the fifth amendment. *Davis v. Passman*, 442 U.S. 228, 242, 244, 99 S.Ct. 2264, 2275, 2276, 60 L.Ed.2d 846 (1979).

Finally, we are mindful that Investigator Chestnutt may be entitled to qualified immunity for discretionary acts performed pursuant to his statutory duties. However, disposition of this affirmative defense must rest on the district court's findings concerning the scope of Investigator Chestnutt's statutory duties and the propriety of actions taken pursuant to those duties.

The dismissal by the district court is VACATED and the case REMANDED for further action consistent with this opinion.