Renato BALESTRA, Petitioner,

v.

James B. BUSEY, Administrator, Federal Aviation Administration, Respondent.

No. 89–2953.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Jan. 14, 1991.

Robert E. O'Connor, Jr., Omaha, Neb., for petitioner.

Harry S. Gold, Washington, D.C., for respondent.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and LARSON,* Senior District Judge.

JOHN R. GIBSON, Circuit Judge.

Renato Balestra appeals from the order of the National Transportation Safety Board affirming the decision of the Administrator of the Federal Aviation Administration to revoke Balestra's commercial pilot certificate.[1] Balestra challenges the Board's decision arguing that the record as a whole does not support the revocation; that the Board abused its discretion in revoking the certificate; and that the Board relied upon irrelevant evidence of earlier charges in applying its progressive disci-

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. This court has jurisdiction to review decisions of the NTSB pursuant to 49 U.S.C.App. § 1486 (1988).

pline procedure. We affirm the decision of the NTSB.

Balestra was charged with deviating from an air traffic control clearance when no emergency existed and without having obtained an amended clearance, both in violation of 14 C.F.R. § 91.75(a) (1990), and with operating an aircraft in a careless manner so as to endanger the lives and property of others in violation of 14 C.F.R. § 91.9 (1990).

He was flying from Norfolk, Nebraska to Omaha, Nebraska, when Norfolk Air Traffic Control instructed him to follow a heading of 114 degrees. Before flight, Balestra had misset his omni directional beacon switch, which caused him to mistakenly follow a heading of 214 degrees and resulted in a loss of the standard seven-mile minimum separation between his and another aircraft in the vicinity. *See* FAA Order of Revocation, ¶¶ 3-7, September 1, 1987 (Appellant's App. Item 4). The Administrator of the FAA found that these facts constituted a violation of the Federal Aviation Regulations.

Before the violations in this case, the FAA suspended Balestra's commercial certification on three occasions. On January 19, 1981, Balestra's airman certificate was suspended for twenty days when he violated federal aviation regulations by: (1) operating an aircraft without appropriate operation specifications; (2) serving as a pilot without having passed a written or oral test as required by the regulations; and (3) serving as a pilot without having passed the competency check as prescribed for operating that type of multi-engine aircraft. FAA Order of Suspension, January 26, 1981 (Appellant's App. Item 1).

On December 8, 1983, his certificate was suspended for forty-five days for violation of regulations when he: (1) taxied into a parked aircraft; (2) then changed aircraft, and, with a passenger aboard and with visibility of less than a mile, took off in violation of Federal Aviation Regulations[2]; and (3) failed, within the twelve months before the flight, to complete the initial or recurrent training appropriate to taking off under difficult weather conditions. Order of Suspension, December 7, 1983 (Appellant's App. Item 2).

On June 4, 1987, his certificate was suspended for a period of 105 days for violation of certain regulations because: (1) he had not followed certain airworthiness directives, specifically those relating to a heater, and (2) he operated an aircraft that was out of compliance with applicable notices. FAA Order of Revocation at 2, ¶ 11, September 1, 1987 (Appellant's App. Item 4). *See also* Respondent's Brief at 3.

Balestra's present action originated on September 1, 1987, when the Administrator filed an order revoking Balestra's airman's certificate. In determining Balestra's sanction, the Administrator took into account Balestra's three prior suspensions and concluded that he has "demonstrated that [he lacks] the care, skill and judgement required of the holder of an airman certificate with commercial pilot privileges," and that "safety in air commerce and the public interest require the revocation of [his] airman certificate." FAA Order of Revocation at 2, September 1, 1987.

On October 2, 1987, Balestra filed an appeal with the NTSB. As required by 49 C.F.R. § 821.31(a) (1990), the Administrator filed his order of Revocation with the Board as the complaint. 49 C.F.R. § 821.31(c) required Balestra to file an answer admitting or denying each allegation in the Administrator's complaint within twenty days of the day he received a copy of the Administrator's complaint. After the twenty-day period for filing an answer had passed, the Administrator filed a motion to dismiss Balestra's appeal for failure to file an answer. Balestra filed an undated response to that motion, and the ALJ denied the Administrator's request. *See* Order Limiting Hearing to Sanction Only, No. SE-8689, April 8, 1986 (Appellant's App. Item 6).

Meanwhile, the Case Manager in the Board's Office of Administrative Law Judges wrote to Balestra acknowledging receipt of his appeal. The Case Manager's

---

**2.** Take-off minimums that day were a 200-foot ceiling and one-mile visibility.

letter contained a copy of the Board's Rules of Practice, 49 C.F.R. § 821, and explained to him how to perfect an appeal.[3] The letter also warned Balestra that he had to comply with the Board's timing and filing requirements to protect his rights.

Throughout the appeal process, Balestra never filed the required answer. On April 8, 1988, the ALJ issued an order, based on the pleadings, in which he stated that a "hearing in this matter is not warranted as the sole issue is that of appropriate sanction, and such issue can be adequately addressed by written submissions." (Respondent's Brief at 6) The ALJ gave both parties fifteen days to file briefs addressing the appropriate sanction and offering any other matters that Balestra might want him to consider in mitigation. *Id.; see* Decisional Order at 1, No. SE–8689, (May 31, 1988) (Appellant's App. Item 8).

The Administrator filed a brief requesting the ALJ to affirm the original sanction of revocation. Once again, Balestra did not make any response. On May 31, 1988, the ALJ issued a Decisional Order upholding the Administrator's revocation. *Id.*

■ Balestra appealed the ALJ's Decisional Order to the full Board. The Board issued *Administrator v. Balestra,* NTSB Order No. EA–3019 (October 16, 1989), denying the appeal, and affirming both the Administrator's Order of Revocation and the ALJ's Decisional Order. The Board did not rule on the merits because proceedings under section 609 of the Federal Aviation Act, 49 U.S.C.App. § 1429 (1988) must be initiated by filing both a complaint and an answer. *Id.* at 5.

Balestra's failure to file an answer with the ALJ prevented the Board from considering the merits of his appeal. Balestra argues that his procedural default occurred because he relied on his attorney who failed to file critical documents. Balestra discharged that attorney and retained new counsel. On appeal, he argues that the delinquency of his first attorney should not be grounds for revocation of his commercial airman certificate. While delinquent filings certainly contributed to the revocation of Balestra's certificate, he was given opportunities to remedy these difficulties but did not do so.[4]

In his brief, Balestra makes generalized arguments against the progressive nature of the Board's discipline structure, and claims that he "is being given the death sentence for a parking violation." (Appellant's Brief at 17) He asserts that if this were a criminal charge the sentencing guidelines would treat him more favorably than the Board has done. He then spends several pages disputing the factual support for various earlier disciplinary actions.

■ Balestra's primary argument is that the FAA's progressive discipline structure, as enforced by the NTSB, is an abuse of discretion. We have earlier held that the "strong policy concern for public safety requires that the Board be given a wide range of discretion in imposing sanctions."

---

3. The letter stated:

   Section 821.31(c) of our Rules requires that you file with this office your answer to the Administrator's Complaint in this proceeding.... An answer, according to our Rules, must contain an admission or denial of each and every paragraph of charges/allegations in the FAA's Order/Complaint. Failure to file an answer ... may be deemed an admission of the charge or charges not answered. *Therefore, the filing of a timely answer is a very important step in the protection of your rights.* Your answer to be timely, must be postmarked 20 days from the date the Administrator's complaint was placed in the U.S. Mail.

   Respondent's Brief at 5 (quoting from the record at page 13) (emphasis in the original).

4. The ALJ denied the Administrator's motion to dismiss Balestra's first appeal for failure to file an answer within the twenty-day period. In the denial order, the ALJ stated that he was giving Balestra the benefit of the doubt, but warned that "if he files any further documents with the Board ... he must comply with the Board's Rules and file them in a timely manner.... Failure to do so will result in a rejection of the documents by the Board." (Respondent's Brief at 4 (quoting from the record).)

   Even after deciding not to wait any longer for Balestra's answer, the ALJ invited Balestra to file a written statement addressing the issue of an appropriate sanction along with any other information that Balestra wanted him to consider in mitigation. *See* Decisional Order, No. SE–8689 (May 31, 1988). Even then, Balestra failed to file any response.

*Erickson v. National Transp. Safety Bd.*, 758 F.2d 285, 290 (8th Cir.1985). Balestra's arguments are neither sufficiently forceful nor specific to persuade us that the Board abused its discretion in this case. We observe that the particular charge in issue and at least one of the earlier violations involve direct safety considerations. Balestra jeopardized public safety when he taxied into a parked aircraft and when he permitted his aircraft to pass within seven miles of another while both airplanes were operating under instrument flight rules.

While the penalty is harsh, we cannot conclude that the NTSB was in error.[5] This court must support the Board's authority to establish and enforce safety regulations for the operation of airplanes. Accordingly, we affirm the order of the Board.

---

**5.** We learned at oral argument that Balestra will be eligible to apply for certification one year after the Board's order, which was entered November 9, 1989.