103 F.3d 140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Webster B. TODD, Jr., Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; Federal Aviation
Administration, Respondents.
 No. 95-70699.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 8, 1996.
Decided Dec. 05, 1996.
 
 Before: FLETCHER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We need not reach the question of whether the exclusionary rule applies in this civil context. Assuming (without deciding whether there was a basis for the allegation of illegal search) that there was an illegal search, Todd's identity as the pilot of the offending aircraft was established beyond a doubt by a source independent of the allegedly illegal search. Eyewitnesses initially identified Todd as the pilot. Todd also acknowledged flying the plane on one of the dates at issue before a complaint had even been filed with the Bureau of Land Management. He also acknowledged piloting the plane on both days several times thereafter, including 1) during his November 4 conversation with Agent Johnstone, 2) during his testimony before the administrative law judge, and 3) in his voluntary written statement. Further, the administrative law judge did not rely on the FAA ownership records in finding that Todd committed the violations. Instead, the law judge relied on testimony, including that of Todd, to support his findings. We understand but reject Todd's arguments that he would not have needed to put on testimony if the court had not relied on FAA ownership records in finding that the FAA had established a prima facie case. A "defendant waives an appeal of the denial of a directed verdict motion by putting on evidence." Lindsay v. National Trans. Safety Bd., 47 F.3d 1209, 1214 (D.C.Cir.1995). Once he does so, the evidence in the record is viewed as a whole. Id.
 
 
 3
 We reject the argument that Reed Tacia's capacity to identify Todd resulted from or was based on the allegedly unlawful police conduct. Identity was firmly established.
 
 
 4
 Factual findings of the NTSB are conclusive if supported by substantial evidence. Hill v. National Transp. Safety Bd., 886 F.2d 1275, 1278 (10th Cir.1989).
 
 
 5
 All facts argued by Todd as evidence of lack of credibility were considered and rejected by the administrative law judge. On this record, we are unable to hold as a matter of law that his credibility rulings were erroneous. We therefore will not disturb the credibility findings on appeal.
 
 
 6
 To grant relief for alleged government misconduct, we consider whether the alleged misconduct constitutes a violation of due process. Only conduct that is "grossly shocking" rises to that level. See United States v. Simpson, 813 F.2d 1462, 1464 (9th Cir.), cert. denied, 484 U.S. 898 (1987). Assuming all allegations as true, they did not "so infect the trial with unfairness" as to make the resulting finding of violation a denial of due process. See Greer v. Miller, 483 U.S. 756, 765 (1987). Cross examination is the primary tool in our adversary system for uncovering improper witness coaching or collaboration of testimony. See Geders v. United States, 425 U.S. 80, 89-90 (1976).
 
 
 7
 The record precludes our holding that the 180 day sanction imposed by the NTSB was 1) arbitrary and capricious, 2) an abuse of discretion, or 3) otherwise not in accordance with the law. See Winslow v. National Transp. Safety Bd., 885 F.2d 615, 617 (9th Cir.1989). Wide deference must be given to an agency's choice of sanction. Id.
 
 
 8
 However, the FAA "operates under a specific policy mandating uniformity of sanctions." Essery v. Dept. of Transp., National Transp. Safety Bd., 857 F.2d 1286, 1291 (9th Cir.1988); see Department of Transportation, FAA Order No. 2150.3A, p 203(e)(2) ("Similar violations under similar circumstances should result in the same type of enforcement action and sanction."). The NTSB, like the FAA, cannot totally disregard this uniform sanction policy. Winslow, 885 F.2d at 617 (citing Essery, 857 F.2d at 1293). The Board may not impose sanctions that "grossly exceed" those ordered in other proceedings for similar violations without providing sufficient justification. See Kolek v. Engen, 869 F.2d 1281, 1285 (9th Cir.1989) (explaining Essery ). For instance, in Essery, we reversed an NTSB order of revocation where similar or more egregious violations of the same regulations had in the past been sanctioned with mere suspensions and the Board failed to provide a satisfactory reason for the increased penalty. Essery, 857 F.2d at 1291-93.
 
 
 9
 Low flying incidents, as a group, are the most common violation reviewed by the NTSB. There is therefore precedent to support a wide range of sanctions. Administrator v. Nazimek, NTSB Order No. EA-2672, 1988 WL 250836, * 4 (1988). Sanctions have varied in such cases depending on the severity and the deliberate nature of the conduct. Compare Administrator v. Harrison, NTSB Order No. EA-509, 1973 WL 18413 (1973) (30 day suspension for low flight over swimmers and sunbathers) with Administrator v. Ramstad, NTSB Order No. EA-4047, 1993 WL 540749 (1993) (180 day suspension for low flight involving reckless conduct); Administrator v. Dopp, NTSB Order No. EA-2019, 1984 WL 62056 (1984) (same); Administrator v. Owens, NTSB Order No. EA-907, 1983 WL 43359 (1983), aff'd, 734 F.2d 396 (8th Cir.1984) (same). In the case of low flights involving willful conduct, the NTSB has described a 180 day sanction as "exceptionally lenient." Dopp, 1984 WL 62056, at * 2.
 
 
 10
 Todd's reliance upon Administrator v. Hodgkinson, No. EA-3841, 1993 WL 97292 (1993), is not persuasive. In Hodgkinson, the FAA imposed a 120 day sanction for a low flight. Id. at * 1. The administrative law judge reduced the suspension to 30 days. Id. The FAA, however, did not appeal the reduction in sanction. Id. at * 2. Under NTSB regulations, an administrative law judge's initial decision is not deemed to be binding precedent on the Board. 49 C.F.R. 821.43 (1994).
 
 
 11
 The Board affirmed the administrative law judge's findings that Todd made low passes in violation of Federal Aviation Regulations on both October 25 and 26. Each incident involved several low passes over both persons and property. In addition, both the administrative law judge and the NTSB found that Todd's conduct during these flights was reckless. The 180 day suspension, although high, is consistent with NTSB precedent.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3