_____

No. 96-2169
_____

Excalibur Aviation, Inc.,          *
                                   *
          Petitioner,              *    Appeal from the National
                                   *    Transportation Safety Board
     v.                            *
                                   *        [TO BE PUBLISHED]
Federal Aviation Administration,*
                                   *
          Respondent.              *

_____

          Submitted:  December 13, 1996

             Filed:  January 15, 1997
_____

Before LOKEN and HANSEN, Circuit Judges, and PERRY,* District Judge.
_____

PER CURIAM.


     On April 2, 1996, respondent Federal Aviation Administration issued
an Emergency Order of Revocation revoking the Air Carrier Operating
Certificate and Operations Specifications of petitioner Excalibur Aviation,
Inc.  The Emergency Order recited that Excalibur had repeatedly violated
Federal Aviation Regulations, for example, by using unlisted pilots and
pilots who lacked competency and proficiency checks, by using unlisted
aircraft owned by others on for-hire passenger flights, and by conducting
flights under Instrument Flight Rules when Excalibur lacked approved
operations specifications for IFR operations.

_____

          *The HONORABLE CATHERINE D. PERRY, United States District
Judge for the Eastern District of Missouri, sitting by designation.

On April 12, Excalibur timely appealed the Emergency Order to the National Transportation Safety Board. On May 6, Excalibur commenced this appeal, seeking judicial review of the FAA's declaration of an emergency on the ground that Excalibur had sold its aircraft and attempted to surrender its Operating Certificate in March, and therefore no emergency existed. We denied a stay of the Emergency Order, and the Board conducted an expedited administrative hearing, as prescribed in 49 C.F.R. §§ 821.54-.57. The Board's administrative law judge issued an initial decision substantially upholding the Emergency Order on the merits. On June 21, 1996, the Board affirmed this initial decision. Without appealing the Board's affirmance of the Emergency Order on the merits, Excalibur urges us to reverse the FAA's initial declaration of an emergency. However, this specific challenge to the Emergency Order is now moot.

The FAA's decision to issue an emergency revocation order has two practical effects: first, in an emergency, the FAA need not give the certificate holder prior notice and an opportunity to be heard before issuing a revocation order. See 49 U.S.C. § 44709(c); Pastrana v. United States, 746 F.2d 1447, 1450 (11th Cir. 1984). Second, an emergency revocation order is effective immediately and remains in effect during the Board's administrative review proceeding, unless stayed by a reviewing court. See 49 C.F.R. § 821.30(c); Nevada Airlines, Inc. v. Bond, 622 F.2d 1017, 1019 (9th Cir. 1980). These are important consequences to the certificate holder, and we agree with the other circuits that have permitted immediate judicial review of the FAA's declaration of an emergency. But the consequences are short term. Once the certificate holder has perfected an administrative appeal and the Board has upheld the revocation order after a full agency hearing, the emergency has ceased to exist and the now-former certificate holder can only obtain meaningful relief if a reviewing court reverses the Board's decision on the merits. In these circumstances, we agree with the District of Columbia Circuit that

the emergency declaration has become moot.  See Robinson v. National Transp. Safety Bd., 28 F.3d 210, 213-14 (D.C. Cir. 1994).

We also agree with the court in Robinson that an "emergency revocation does not fall within the capable-of-repetition-yet-evading-review exception to mootness."  28 F.3d at 214.  The Board has sixty days to dispose of the appeal of an emergency revocation order.  See 49 U.S.C. § 44709(e)(2).  That is ample time for the aggrieved certificate holder to urge a reviewing court to grant a stay of the emergency order because the FAA has been arbitrary and capricious in declaring an emergency.  In this case, Excalibur waited more than one month before challenging the emergency declaration and then was denied a stay by this court.

Because Excalibur only seeks judicial review of the FAA's declaration that the alleged violations warranted an emergency order, the Petition for Review is dismissed as moot.  Excalibur's Motion To Strike is denied.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.