# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2883

_____

Frederic G. Bennett,                                    *
                                                        *
        Petitioner,                                   *
                                                        *
v.                                                      *   Petition for Review of an
                                                        *   Order of the National
National Transportation Safety Board;                   *   Transportation Safety Board.
Federal Aviation Administration,                        *
                                                        *        [UNPUBLISHED]
        Respondents.                                  *

_____

Submitted:  January 27, 2000

Filed:  February 1, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.

_____

PER CURIAM.

Frederic G. Bennett petitions for review of an order of the National Transportation Safety Board (NTSB) upholding the Federal Aviation Administration's (FAA) revocation of his Airline Transport Pilot and Flight Instructor certificates. The NTSB found him in violation of 14 C.F.R. §§ 61.15 (d)(2) (motor vehicle action occurring within 3 years of previous motor vehicle action is grounds for suspension or revocation of any certificate) and 61.15(e) (requirement to provide written report of motor vehicle action to FAA within 60 days of action).

The facts pertinent to our analysis are not in dispute, and the NTSB's factual findings are adequately supported by substantial evidence in the record as a whole. See Reder v. FAA, 116 F.3d 1261, 1263 (8th Cir. 1997) (standard of review). Mr. Bennett's challenge addresses the NTSB's method of calculating the time between the motor vehicle actions, and the appropriateness of the sanction. We accord substantial deference to agency determinations and will affirm the decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not supported by law. See United States v. Grand Labs., Inc., 174 F.3d 960, 963 (8th Cir. 1999). After a thorough review, we conclude the NTSB could properly determine that Mr. Bennett violated sections 61.15(d) and (e), and that revocation was warranted. See 14 C.F.R. §§ 61.15(d)(2) (authorizing revocation or suspension), 61.15(f) (1999) (failure to comply with § 61.15(e) is grounds for revocation or suspension); Balestra v. Busey, 923 F.2d 120, 122-23 (8th Cir. 1991) (NTSB is given wide range of discretion in imposing sanctions); Garvey v. Kraley, No. EA-4581, 1996 WL 785071, at **1-2 (NTSB Aug. 18, 1997) (administrative suspension of driver's license for refusal to take breath test is motor vehicle action; where pilot sustained two motor vehicle actions within three years, 120-day suspension was at low end of appropriate sanction range); cf. Stix v. Bond, 569 F.2d 1029, 1031 (8th Cir. 1978) (per curiam) (holding revocation was not excessive: penalty was imposed for violation committed while petitioner's certificate was already suspended, was within specific statutory authorization, and did not preclude petitioner from applying for new certificate one year after date of revocation).

Accordingly, we deny Mr. Bennett's petition for review.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.